Loring, J.,
dissenting:
I-dissent from the opinion read. I think the demurrer should be overruled. It is a general demurrer to the petition, and the only question that can be raised on it is, whether the petition sets forth a cause of action. That is the issue tendered by the demurrer, and the only issue joined. As to that, the statute refers here, to be heard in equity, the claim of petitioners “/or labor done and materials furnished” on the contract it describes. And the petitioner, following the statute, sets forth a claim for $75,000 “/or labor done and materials furnished” under the contract by the petitioners “ in constructing the coffer-dams and in performing the work necessarily connected therewith, and preliminary to the mason-work for said piers and abutments.” This certainly is a claim “ for labor done and materials furnished,” and therefore the petition specifies as a cause of action the very thing which the statute refers to our adjudication.
And I think it cannot be objected to this claim that it was heard and not allowed in the previous suit at law. For it cannot be questioned here that Congress heard all the circumstances of the case on which it acted, or that it was competent for Congress to set aside and waive any legal defense the previous suit might furnish, and to order this claim, not allowed at law, to be heard here in equity. The prescribed form of process here is a petition, and that is not, and is not intended to be, a declaration at common law or a bill in equity. And the jurisdiction of this court is created by. statute, and it may be modified by statute, at the pleasure of Congress j and the only reason that courts of equity do not generally entertain claims like this is not that, in their nature, they are not suitable for equity jurisdiction, but merely that there is for them a remedy in law. There is, therefore, no reason in the claim itself why Congress should not order it to be heard here in equity, and that intent is patent on the face of the statute, which, of its own force, gives us, over the claim, such jurisdiction as it prescribes.
And there is here no plea of a former suit and judgment, but only a general demurrer, which, as I have said, puts in issue only the question whether the petition, per se and on its face, sets forth a cause of action; and whether that cause of action is de-feasible by a plea of the former suit and judgment does not arise, and cannot be heard or considered on the pleadings before us.
*147 And that the petition does not state in what the reform of the contract is desired only prevents relief in that "particular, and cannot affect the petitioners’ right to recover on a claim for labor done and materials furnished” specified in the petition, and within the terms of the statute of reference.
Peck, J., was absent when this case was heard, and took no part in the decision.